UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HABTAMU DANIEL, | Case No. 16-cv-3987-DSD-KMM |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| WHITE HOUSE STAFF; FORMER PRESIDENT GEORGE W. BUSH AND HIS FAMILY; PRESIDENT BARRACK HUSIEN OBAMA; and FORMER PRESIDENT WILLIAM JEFFERSON CLINTON, | |
| Defendants. | |

Plaintiff Habtamu Daniel did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court cannot conclude that Mr. Daniel qualifies for IFP status, as he claims to receive several million dollars each month in gifts, retirement-account payments, and disability payments. *See* ECF No. 2. In any event, an IFP application will also be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v.*

*Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

    The complaint in this matter is impossible to follow. At the heart of Mr. Daniel's allegations is that the "White House took my million dollars," Compl. at 4 [ECF No. 1], but Mr. Daniel does not explain in any detail how this happened. Without more specific, *plausible* allegations as to how three successive presidents stole money from Mr. Daniel, this matter cannot go forward. Accordingly, it is hereby

recommended that this matter be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Habtamu Daniel's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.


Dated: December 7, 2016            *s/Katherine Menendez*
                                   Katherine Menendez
                                   United States Magistrate Judge


## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.